**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4463**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

MIGUEL ANGEL RODRIGUEZ, a/k/a Cocho, a/k/a Yuyo, a/k/a
Enrique Guzman,

             Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.   Frank D. Whitney,
Chief District Judge.  (3:14-cr-00109-FDW-1)

Submitted:  June 21, 2016          Decided:  June 23, 2016

Before DUNCAN, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, PLLC, Asheville, North
Carolina, for Appellant.   Amy Elizabeth Ray, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Angel Rodriguez appeals his conviction and 120-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectible amount of methamphetamine, in violation of 21 U.S.C. § 846 (2012).  On appeal, Rodriguez's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Rodriguez's guilty plea and whether the district court imposed an unreasonable sentence.  Rodriguez was notified of his right to file a pro se supplemental brief but has not done so.  The Government has declined to file a response brief.  For the reasons that follow, we affirm.

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, any mandatory minimum penalty, and the rights he is relinquishing by pleading guilty.  Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).  The court also must ensure that the plea is supported by an independent factual basis and not the result of force,

2

threats, or promises outside the plea agreement.  Fed. R. Crim. P. 11(b)(2), (3).

Because Rodriguez did not move to withdraw his guilty plea or otherwise preserve error in the plea proceedings, we review his plea colloquy for plain error.  United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009).  To establish plain error, Rodriguez must demonstrate that the district court erred, the error was plain, and the error affected his substantial rights.  Henderson v. United States, __ U.S. __, 133 S. Ct. 1121, 1126 (2013).  In the guilty plea context, an error affects a defendant's substantial rights if he demonstrates "a reasonable probability that, but for the error, he would not have entered the plea."  United States v. Aplicano-Oyuela, 792 F.3d 416, 427 (4th Cir. 2015) (alteration and internal quotation marks omitted).  Even if these requirements are met, we will "exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings."  United States v. Nicholson, 676 F.3d 376, 381 (4th Cir. 2012) (internal quotation marks omitted).

Our review of the record reveals that the district court substantially complied with the requirements of Rule 11 in conducting the plea colloquy.  While the court made several minor omissions during the colloquy, see Fed. R. Crim. P. 11(b)(1)(E), (G), (L), the record provides no basis to conclude

3

that these errors affected Rodriguez's substantial rights. <u>See</u> <u>Aplicano-Oyuela</u>, 792 F.3d at 427. Because the court ensured that the plea was knowing, voluntary, and supported by an independent factual basis, we find the plea valid and enforceable.

We review Rodriguez's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." <u>Gall v. United States</u>, 552 U.S. 38, 46 (2007). We first ensure that the court "committed no significant procedural error," such as improper calculation of the Sentencing Guidelines, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation for the sentence imposed. <u>United States v. Lynn</u>, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted). If we find the sentence procedurally reasonable, we also review its substantive reasonableness under "the totality of the circumstances." <u>Gall</u>, 552 U.S. at 51. We presume that a within-Guidelines is substantively reasonable. <u>United States v. Louthian</u>, 756 F.3d 295, 306 (4th Cir. 2014). Rodriguez bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." <u>Id.</u>

We discern no error in Rodriguez's sentence. The court properly calculated the Sentencing Guidelines range, considered the parties' arguments, and provided a reasoned explanation for

the sentence it imposed, grounded in the § 3553(a) factors. Further, Rodriguez fails to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Rodriguez, in writing, of the right to petition the Supreme Court of the United States for further review. If Rodriguez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rodriguez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5